FILED
IN CLERKS OFFICE
2026 OCT -2 A 11:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,**
Plaintiff,

v.

**ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts; and ANTHONY D. GULLUNI, in his official capacity as Hampden County District Attorney,**

Defendants.

Civil Action No. **1:26-cv-10513-GAO**

---

**MOTION OF BRANDON MICHAEL HAYES, PRO SE, PRESIDENT OF NATURAL LAW INSTITUTE, FOR CLARIFICATION AND/OR RECONSIDERATION OF ORDER DENYING LEAVE TO FILE AMICUS CURIAE BRIEF AND STRIKING PROPOSED BRIEF**

---

Brandon Michael Hayes, appearing **pro se**, serves as President of Natural Law Institute ("NLI"), and respectfully moves for clarification and/or reconsideration of the Court's September 16, 2026 Electronic Order (Dkt. No. 27), which denied leave to file the proposed Amicus Curiae Brief (Dkt. No. 26) and struck the proposed brief from the record.

This Motion does not challenge the Court's discretion to regulate amicus participation.

Rather, it respectfully requests clarification concerning the classification applied to the proposed submission and the standard utilized in determining that the submission did not provide assistance distinct from the parties' existing advocacy.

The proposed amicus submission was not offered as an additional party position, substitute advocacy, or attempt to duplicate the arguments available to Plaintiff or Defendants.

It was offered as a classification framework intended to assist the Court in distinguishing:

- constitutional rights asserted;
- investigative methods employed;
- evidentiary questions presented;
- institutional interests involved;
- standards governing animal stewardship;
- public-benefit claims;
- and the appropriate scope of any remedy.

For the reasons below, Amicus respectfully requests that the Court clarify the basis for the Order and reconsider whether the proposed submission provides the type of supplemental assistance recognized within amicus practice.

---

## I. PROCEDURAL BACKGROUND

On September 8, 2026, Amicus provided advance notice to counsel of record of the intended filing of:

1. Motion for Leave to File Brief as Amicus Curiae;
2. Brief of Amicus Curiae Brandon Michael Hayes, Pro Se, President of Natural Law Institute; and
3. Appendix A, Public Benefit Warrant.

The proposed submission addressed the constitutional questions presented by Plaintiff's challenge to Massachusetts General Laws c. 272, § 99 through a classification framework concerning:

- information creation;
- privacy protections;
- investigative access;
- evidence integrity;
- human-animal relationship classifications;
- stewardship standards;
- custody consequences;
- and remedial scope.

Plaintiff's counsel acknowledged receipt and initially advised that Plaintiff took no position on the proposed motion while reserving the right to respond under Local Rule 7.1(b).

Plaintiff thereafter requested additional time to respond to the motion.

On September 16, 2026, the Court entered Electronic Order Dkt. No. 27 denying leave and stating:

> "As a matter of routine practice, this Court does not accept amicus briefs in regular civil practice. The parties are fully capable of arguing their respective positions. The motion for leave to file an amicus brief (dkt. no. [25]) is DENIED and the proposed brief [26] is stricken from the record."

The Order cited generally to *Dietz v. Bouldin*, 579 U.S. 40, 47–49 (2016).

---

## II. CLARIFICATION IS REQUESTED REGARDING THE REFERENCE TO "ROUTINE PRACTICE"

The Order states that the Court does not accept amicus briefs "as a matter of routine practice" in regular civil practice.

Amicus respectfully requests clarification concerning whether this statement refers to:

1. a general preference exercised within the Court's discretion;
2. a categorical practice applicable regardless of the proposed contribution; or
3. a conclusion that this particular proposed submission failed to satisfy the standards governing discretionary acceptance.

Amicus recognizes that district courts possess discretion regarding amicus participation.

The request for clarification concerns the standard by which that discretion was applied.

The Federal Rules of Civil Procedure do not establish a categorical prohibition on amicus participation in district courts. Amicus practice in district courts exists through the Court's discretionary authority and established case law concerning when additional assistance may aid the Court.

The distinction matters because a routine preference against amicus participation and a determination that a specific submission provides no useful assistance represent different classifications.

The former concerns general docket practice.

The latter concerns the actual contribution presented.

---

## III. THE PROPOSED SUBMISSION ADDRESSED A FUNCTION DISTINCT FROM PARTY ADVOCACY

The Order states:

> "The parties are fully capable of arguing their respective positions."

Amicus agrees with that proposition.

The capability of the parties to advocate their respective positions, however, addresses party representation.

It does not independently resolve whether a proposed amicus submission supplies a distinct analytical contribution.

The proposed submission was not offered because either party lacked competent counsel.

It was offered because the dispute contains multiple overlapping classifications that are not necessarily identical:

- a constitutional right to create information;
- privacy interests concerning covert interception;
- the method by which investigative access is obtained;
- the classification of observed conduct;
- the applicable animal-welfare standard;
- the distinction between animal welfare and broader animal-rights objectives;
- the consequences of intervention and custody;
- and the proper scope of constitutional relief.

The proposed amicus framework sought to identify whether apparent conflicts remained after those categories were separated.

The submission's central proposition was:

> **No downstream public-benefit assertion substitutes for an unresolved upstream classification.**

That function differs from simply presenting another conclusion regarding which party ought prevail.

---

## IV. THE PROPOSED AMICUS FRAMEWORK PROVIDES SUPPLEMENTAL ASSISTANCE THROUGH CLASSIFICATION

The proposed submission was structured around the following sequence:

> **RIGHT → PLACE → ACCESS → RELATIONSHIP → STANDARD → CONDUCT → EXPERTISE → CONTEXT → EVIDENCE → NECESSITY → CUSTODY → EXTERNALITY → REMEDY**

This framework was designed to assist the Court in identifying the actual point of legal disagreement.

The proposed submission further supplied Appendix A, *Public Benefit Warrant*, addressing the relationship between:

- represented purpose;
- institutional method;
- actual outcome;
- and externalized consequence.

The purpose was not to replace the parties' advocacy.

The purpose was to assist in determining whether the apparent breadth of the controversy could be reduced through accurate classification.

Where propositions are compatible, the conflict may narrow.

Where propositions remain incompatible, the residual disagreement becomes more precise.

Either result assists adjudication.

---

## V. DIETZ v. BOULDIN DOES NOT IDENTIFY THE SPECIFIC AMICUS STANDARD PRESENTED HERE

The Order cites *Dietz v. Bouldin*, 579 U.S. 40, 47–49 (2016).

Amicus respectfully submits that *Dietz* addresses the general existence and limits of inherent judicial authority, rather than the specific standard governing whether a district court should accept an amicus submission.

*Dietz* recognizes that courts possess inherent authority necessary to manage their proceedings.

It also emphasizes that exercises of inherent authority must remain reasonable responses to identified problems and consistent with governing law.

The proposed amicus motion therefore respectfully requests clarification regarding:

1. what specific docket-management concern required striking the proposed brief;
2. whether the proposed submission was evaluated under the standards governing supplemental amicus assistance; and
3. whether the Court determined that the proposed framework duplicated existing advocacy rather than supplying distinct analytical assistance.

---

## VI. CLARIFICATION IS ALSO REQUESTED REGARDING STRIKING THE PROPOSED BRIEF

The Court's Order both denied leave and struck the proposed brief.

Those actions represent separate exercises of discretion.

Denial of leave determines whether the proposed submission will be accepted as an amicus filing.

Striking removes the proposed submission from the operative record.

Amicus respectfully requests clarification regarding the reason the additional step of striking was necessary.

If the proposed submission was determined not to warrant amicus status, the Court may decline consideration without necessarily requiring removal from the docket.

If the Court determined that striking was required, clarification regarding the identified administrative or legal concern would assist Amicus in understanding the applicable classification.

---

## VII. REQUEST FOR RELIEF

For the foregoing reasons, Brandon Michael Hayes respectfully requests that the Court:

1. Clarify whether the September 16, 2026 Order was based upon a general practice, a case-specific determination, or both;
2. Clarify the standard applied in determining that the proposed amicus submission provided insufficient supplemental assistance;

3. Reconsider the denial of leave in light of the distinction between party advocacy and independent classification-based assistance;
4. Alternatively, restore Dkt. No. 26 to the record as a proposed submission while maintaining denial of formal amicus status;
5. Alternatively, permit the parties' responses before making a final determination concerning whether the proposed submission assists the Court; and
6. Grant such further relief as the Court deems appropriate.

Respectfully submitted,

**Brandon Michael Hayes**
Pro Se
President, Natural Law Institute
159 Indian Hill Street
West Newbury, Massachusetts 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: Sept. 28, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on Sept. 28, 2026, I served the foregoing **Motion of Brandon Michael Hayes, Pro Se, President of Natural Law Institute, for Clarification and/or Reconsideration of Order Denying Leave to File Amicus Curiae Brief and Striking Proposed Brief** upon all counsel of record through the Court's electronic filing system and/or by the applicable method of service required for parties entitled to notice.

Respectfully submitted,

**Brandon Michael Hayes**
Pro Se
President, Natural Law Institute

Dated: Sept. 28, 2026